**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

MALKA RANI, individually and on behalf of
a class of similarly situated individuals,

      Plaintiff,

vs.

MICHAEL A. DROBENARE, individually,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Malka Rani brings this action to secure redress from the unlawful collection practices engaged in by Defendant Michael A. Drobenare.

2.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. *See* 15 U.S.C. § 1692e.

3.      The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt establishes a concrete injury for purposes of Article III standing. *See Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016).

4.      The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See Bentley v Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993).

1

5.      The FDCPA applies to attorneys who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

6.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

7.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

8.      The FDCPA enlists the efforts of sophisticated consumers ... as "private attorneys general" to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others. *Graff v. United Collection Bureau, Inc.*, 132 F. Supp. 3d 470, 480 (E.D.N.Y. 2016) (citations omitted).

9.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts

2

shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

11.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

12.    Malka Rani ("Plaintiff") is a natural person and resident of Brooklyn, New York. Brooklyn is located in Kings County.

13.    Malka Rani, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

14.    Michael A. Drobenare ("Defendant") is a natual person and an attorney at law whose address is 2203 Avenue X, Brooklyn, New York.

15.    Michael A. Drobenare, through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.    Michael A. Drobenare is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.    On or about October 24, 2018, Defendant mailed a debt collection letter to Plaintiff at her home in Brooklyn, New York. Plaintiff received the letter shortly thereafter.

3

18.    The debt collection letter purported to inform Plaintiff that Itshak Basiri, Trustee for the Estate of Miriam Kazt, Plaintiff's residential landlord, had been retained to collect past due rent, allegedly owed to Estate of Miriam Kazt. *Exhibit A*.

19.    Past due rent is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *Romea v. Heiberger & Associates*, 163 F.3d 111, 115 (2d Cir. 1998).

20.    *Exhibit A* is Defendant's initial communication with Plaintiff in connection with the collection of the alleged debt and demands payment in full within five (5) days after receipt.

21.    *Exhibit A* also contained no language indicating that the communication was from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

22.    *Exhibit A* also failed to inform Plaintiff that, among other things, she had a right to dispute the debt and demand verification of the debt. Nor did Defendant send a timely follow-up communication describing the procedure and timeline for disputing the validity of the debt.

## CLASS ALLEGATIONS

23.    Upon information and belief, *Exhibit A* is materially consistent with dozens, if not hundreds of other debt collection letters sent by Defendant to consumers who allegedly owe back rent. Each contain one or more of the above-described statutory deficiencies. Accordingly, Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24.    The class consists of: (a) natural persons in the State of New York; (b) who were sent one or more letters in the form represented by *Exhibit A* (c); which letter was sent

on or after a date one year prior to the filing of this action, up through and including twenty-one days after the filing of this action.

25.    The identity of the class members can be readily ascertained through a review of Defendant's business records.

26.    The Second Circuit has determined that numerosity may be presumed with as few as 40 potential class members. *Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343, 351 (E.D.N.Y. 2009) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). On information and belief, based on the volume of Defendant's operations, the fact that Defendant has been sued previously for same the violations, and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is impracticable.

27.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether ***Exhibit A*** violates the FDCPA by:

(1) demanding payment of the debt in full within five (5) days after receipt of the initial communication debt collection notice;

(2) failing, among other things, to instruct Plaintiff that she had a right to dispute the debt and to obtain written verification of the debt;

(3) failing to include in the initial communication that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

28.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

29.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiff have retained counsel experienced in consumer credit and debt collection abuse cases.

30.    A class action is superior to other alternative methods of adjudicating this dispute, because: (a) individual cases are not economically feasible; (b) consumers may not realize that their rights are violated, (d) nothing less will compel this Defendant to comply with the law, and; (c) Congress intended class actions as a principal means of enforcing the FDCPA.

## COUNT I – VIOLATION OF THE FDCPA

31.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32.    Section 1692e(11) requires that every initial communication from a debt collector disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282, 285 n.5 (N.D.N.Y. 2000).

33.    Defendant violated Section 1692e(11) by sending an initial communication that failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

34.    Section 1692g(a) states that in the initial communication with a debtor, or within five days of the initial communication, "a debt collector *shall* . . . send the consumer a written notice[,]" which contains the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a) (emphasis added). *Datiz v International Recovery Associates, Inc.*, No. 15-CV-3549 (ADS)(AKT) (E.D.N.Y. Aug. 4, 2016).

35.  Defendant violated Section 1692g(a) by failing, within the time frame required by law, to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

7

36.     Section 1692g(b) provides: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Ellis v. Solomon and Solomon, PC*, 591 F.3d 130, 135 (2d Cir. 2010).

37.     Defendant's collection letter, by demanding immediate payment without adequate notice of the Plaintiff's right to dispute the underlying debt overshadows and is inconsistent with Plaintiff's right to dispute the debt and to demand verification thereof. When a notice contains language that "overshadows or contradicts" other language informing a consumer of her rights [or in this case, completely fails to inform of such rights], it violates the Act. *Russell v. Equifax ARS*, 74 F.3d 30, 34 (2d Cir. 1996).

38.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court. And, in the case of a class action, such an amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

**WHEREFORE**, Plaintiff requests that this case be permitted to proceed as a class action and that the Court enter judgment in her favor and in that of the Class, and against Defendant for:

   a.  Statutory damages in an amount consistent with 15 U.S.C. § 1692k;

   b.  Attorney's fees, litigation expenses and costs of suit;

   c.  Such other or further relief as the Court deems proper.

8

Dated: Uniondale, New York
     September 11, 2019

                        *s/ Abraham Kleinman*
                        Abraham Kleinman
                        KLEINMAN LLC
                        626 RXR Plaza
                        Uniondale, NY 11556-0626
                        (516) 522-2621
                        (888) 522-1692 (fax)
                        akleinman@akleinmanllc.com