**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
MALKA RANI, individually and on behalf of
a class of similarly situated individuals,

                             Plaintiff,

      -against-

MICHAEL A. DROBENARE,

                            Defendant.
---------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

**1:19-CV-05186 (MKB) (ST)**

**STEVEN L. TISCIONE, United States Magistrate Judge:**

Plaintiff Malka Rani, individually and on behalf of a putative class, brought this action against Defendant Michael A. Drobenare alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. ECF No. 1 ("Compl.") ¶¶ 1-2, 17-22, 32-37. Defendant has not filed an answer or otherwise moved with respect to the Complaint herein, and Defendant's default was duly noted and entered by the Clerk of Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 10, 2019. ECF No. 7 ("Clerk's Entry of Default"). Thereafter, on February 13, 2020, Plaintiff filed a motion for entry of Default Judgment in her favor. ECF No. 9 ("Motion for Default Judgment"); *see also* Pl.'s Mem. of L. in Support of Mot. for Default J. ("Pl.'s Mem. of L."), ECF No. 9-2. The Honorable Margo K. Brodie referred this motion to me for a Report and Recommendation ("R&R") on February 19, 2020.

For the reasons described below, this Court respectfully recommends that Plaintiff's Motion for Default Judgment be granted as to Defendant; that Defendant be found liable for violating sections 1692e(11) and 1692g(a) of the FDCPA; and that an award be entered in favor of Plaintiff in the amount of $900.00, consisting of $500.00 in statutory damages and costs totaling $400.00. This Court further recommends that Plaintiff's request for additional costs and attorneys'

1

fees be denied, but grant Plaintiff leave to submit supporting documentation within thirty (30) days of this Court's judgment.

## FACTUAL BACKGROUND

Unless otherwise indicated, all statements in this section are based on allegations in the Complaint and exhibits attached thereto and are assumed true for the purposes of this motion. Plaintiff alleges that Defendant mailed a debt collection letter (ECF No. 1-1 ("Debt Collection Letter" or "Ex. A")), to Plaintiff at her home in Brooklyn, New York, which purported to inform Plaintiff that she owed a debt ("Debt") of $9,750.00 in unpaid and overdue rent accrued between the months of September 2017, and October 2018, to the Estate of Ms. Miriam Kazt, Plaintiff's residential landlord. *See* Compl. ¶¶ 17-18; Ex. A. The Debt Collection Letter was allegedly sent on October 24, 2018, by Defendant on behalf of Mr. Itshak Basiri, the Trustee for the Estate of Ms. Kazt, and is alleged to have been Defendant's initial and only communication with Plaintiff in connection with collection of the Debt. Compl. ¶ 20; Ex. A. Neither Ms. Kazt nor Mr. Basiri are named as defendants in this matter.

The Debt Collection Letter asserts that Plaintiff is required to either "pay said rent on or before the expiration of five (5) days from the day of the service of this Notice . . . or surrender up the possession of said Premises to the Landlord," but contains no language indicating that the communication was from a debt collector attempting to collect a debt or that any information obtained from Plaintiff would be used for such purpose. *See* Compl. ¶ 21; Ex. A. Similarly, neither the Debt Collection Letter nor any subsequent supplementary notice sent to Plaintiff contains language advising that (a) Plaintiff has a right to dispute and demand verification of the Debt within thirty days after receipt of initial notice; (b) if Plaintiff does not dispute the validity of the Debt or some portion thereof within thirty days after receipt of initial notice, the Debt would be

presumed valid by the debt collector; or (c) that upon Plaintiff's written request within thirty days after receipt of initial notice, the debt collector will provide Plaintiff with the name and address of the original creditor to whom the Debt was owed. *See* Compl. ¶¶ 22, 33, 35; Ex. A.

Alleging that Defendant's dispatch of the Debt Collection Letter to Plaintiff constitutes an act of unlawful collection practice in violation of sections 1692e and 1692g of the FDCPA, Plaintiff commenced this action seeking relief in the form of monetary damages. *See* Compl. ¶¶ 1-2, 32-38. Additionally, upon the stated belief that the Debt Collection Letter is "materially consistent with dozens, if not hundreds of  other debt collection letters sent by Defendant to consumers who allegedly owe back rent[,]" each of which allegedly "contain one or more of the above-described statutory deficiencies" and implicates predominant common questions of law and fact (Compl. ¶¶ 23-30), Plaintiff also brings this claim as a putative class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), seeking thereby to "enforce those policies and civil rights which are expressed through the FDCPA." *See* Compl. ¶ 9.

Following the Clerk's Entry of Default against Defendant and in response to this Court's Order dated December 3, 2019 ("Status Report Order"), Plaintiff's counsel submitted a letter to this Court requesting permission to engage in discovery for ninety (90) days against the Defendant "to ascertain the necessary information" to establish its class action claim against Defendant, including "(a) the number of persons who were sent a letter in the form of Exhibit A to the Complaint during the putative class period, (b) Defendant's practices with respect to Exhibit A to plaintiff's complaint and (c) the net worth of Defendant." ECF No. 8 ("Status Letter"). By an Order dated December 13, 2019, this Court directed Plaintiff to submit a motion for Default Judgment no later than February 13, 2020, but did not address the Plaintiff's request related to discovery. *See* Order (19-CV-5186), (E.D.N.Y. December 13, 2019). In moving for Default Judgment against

Defendant, Plaintiff notes having sent Defendant an initial discovery request regarding the number of similar notices transmitted by Defendant to others (Pl.'s Mem. of L. ¶ 11), and receiving no response from Defendant. However, Plaintiff's motion for Default Judgment is otherwise solely based on Plaintiff's individual claim and the relief sought only relates to Plaintiff. *See generally* Motion for Default Judgment; Pl.'s Mem. of L. ¶¶ 1-20. As such, in considering Plaintiff's Motion, this Court sets aside Plaintiff's putative class action claim and relates solely to the merits of Plaintiff's individual claim against Defendant. *See generally*, Pl.'s Mot. for Default J.; Pl.'s Mem. of L; *compare United Specialty Ins. Co. v. All State 12 Gen. Contr. Corp.*, 18-CV-2863, 2019 U.S. Dist. LEXIS 112551, *5-6, 2019 WL 2912759 (E.D.N.Y., July 8, 2019) (collecting cases indicating that a court considering a motion for default judgment may deem claims left unsupported by the plaintiff as abandoned) *with Bryan v. Collect Pros, LLC*, No. CV 16-581 (LDW)(ARL), 2016 U.S. Dist. LEXIS 62584, at *6 (E.D.N.Y. May 10, 2016) (recommending that if Plaintiff moves for a default judgment on behalf of the class, Plaintiff be granted an opportunity to conduct discovery for 90 days on the question of class certification and damages) *and Telford v. Ideal Mortg. Bankers, Ltd.*, No. 09-CV-5518, 2010 U.S. Dist. LEXIS 110540, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010) (recommending that Plaintiff be granted 90 days to conduct discovery on the issue of class and damages where the complaint and motion for default judgment sought damages for all similarly situated individuals).

## LEGAL STANDARDS

### A.  Motion for Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the court may grant a default judgment in favor of a movant following the completion of a two-step process. *See generally* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First, the moving

party must obtain a certificate of default against an opposing party from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). The Clerk, in turn, must administratively enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id*. Second, if the defaulting party fails to appear or move to set aside the entry of default under Rule 55(c), the opposing party may file a motion for default judgment to establish liability and damages. *See* Fed. R. Civ. P. 55(b)(2). Once a party has been entered in default, the court will consider the entry of default to be that party's admission to all well-pleaded factual allegations in the complaint regarding liability, and thus the court will deem all such allegations to be true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . ."); *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (same); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (same). Nonetheless, "[a] defaulting party is not . . . deemed to concede conclusions of law[,]" nor is a fact considered "well-pleaded" for these purposes "if it is inconsistent with other allegations of the complaint or with facts of which the court can take judicial notice." *Hop Hing Produces, Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-3259, 2013 U.S. Dist. LEXIS 109735, at *7-8, 2013 WL 3990761 (E.D.N.Y. July 10, 2013) (internal citations omitted), *adopted by* 2013 U.S. Dist. LEXIS 109513, 2013 WL 3990761 (E.D.N.Y., July 31, 2013).

Even after a default is entered against an opposing party, the movant "is not entitled to a default judgment as a matter of right; rather[,] the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-CV-4660, 2013 U.S. Dist. LEXIS 142360, at *2 (E.D.N.Y. Sept. 30, 2013) (quoting *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)), *adopted in relevant part by* 2013

5

U.S. Dist. LEXIS 140759, 2013 WL 5447152 (E.D.N.Y., Sept. 27, 2013). In considering whether to grant a default judgment, the court must determine whether the movant's factual allegations establish her opponent's "liability as a matter of law[.]" *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court retains discretion under [Rule] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and thus the court will only grant a motion for default judgment if the movant has satisfied her burden of establishing her opponent's liability on each asserted cause of action. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

Moreover, unlike factual allegations pertaining to a party's liability, factual allegations relating to damages are not deemed admitted upon entry of a default judgment. *See House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010) ("[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence."); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default . . . is not considered an admission of damages.") (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); Fed. R. Civ. P. 8(d)). Thus, after establishing liability, the court considers whether the movant "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505, 2016 U.S. Dist.

LEXIS 162711, at *4, 2016 WL 6905946, (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Although a court may conduct an evidentiary hearing to determine damages, "[a]n evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded." *Bennett v. Asset Recovery Solutions, LLC*, No. 14-CV-4433, 2017 U.S. Dist. LEXIS 2345, at *6 (E.D.N.Y., Jan. 5, 2017) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)), *adopted by* 2017 U.S. Dist. LEXIS 13224, 2017 WL 421920 (E.D.N.Y., Jan. 31, 2017); *see Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 114 (E.D.N.Y. 2011) ("In determining damages not susceptible to simple mathematical calculations, Federal Rule 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient.").

### B. FDCPA

The FDCPA sets forth discrete, mandatory, and unified standards for lawful debt collection practices with the aims of "eliminat[ing] abusive debt collection practices by debt collectors" and "promot[ing] consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 576 (E.D.N.Y. 2015) ("Congress enacted the FDCPA . . . to eliminate 'abusive practices in the debt collection industry [while] ensur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged[,]' . . . [and] '[t]hese purposes inform the FDCPA's many provisions[.]'") (citing to *Jacobson v. Healthcare Fin. Svcs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008)); *Meselsohn v. Lerman*, 485 F. Supp. 2d 215, 218 (E.D.N.Y. 2007) ("The purpose of the

FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices) (citing to *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)). "The FDCPA is a strict liability statute[,]" and hence the degree of a defendant's culpability for an established violation of the FDCPA has no bearing upon her liability for such violation. *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017); *see Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993) ("[Because] [t]he FDCPA is a strict liability statute . . . the degree of a defendant's culpability may only be considered in computing damages[.]"(internal citations omitted)). Moreover, owing to the FDCPA's remedial nature, courts must construe the FDCPA's terms in a "liberal fashion if the underlying Congressional purpose is to be effectuated." *Bentley*, 6 F.3d at 63 (quoting *Vincent v. Money Store*, 736 F.3d 88, 98 (2d Cir. 2013)).

To establish an actionable claim against a defendant under the FDCPA, a plaintiff must demonstrate that "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the defendant is a 'debt collector'; and (3) the defendant must have engaged in conduct in violation of the statute." *Bennett v. Asset Recovery Solutions, LLC*, No. 14-CV-4433, 2017 U.S. Dist. LEXIS 2345, at *6 (E.D.N.Y., Jan. 5, 2017) (citing *Katz v. Sharinn & Lipshie, P.C.*, No. 12-CV-2440, 2013 U.S. Dist. LEXIS 129728, at *4, 2013 WL 4883474 (E.D.N.Y. Sept. 11, 2013)), *adopted by* 2017 U.S. Dist. LEXIS 13224, 2017 WL 421920 (E.D.N.Y., Jan. 31, 2017). Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes" (15 U.S.C. § 1692a(5)); a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt" (15 U.S.C. § 1692a(3)); and a "debt collector" is defined as "any person who uses any instrumentality

of interstate commerce or the mails in any business the principle purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another" (15 U.S.C. § 1692a(6)).

The Complaint in this case alleges a violation of section 1692e of the FDCPA. Compl. ¶¶

32-33. Section 1692e makes it unlawful for a debt collector to "use any false, deceptive, or

misleading representation or means in connection with the collection of any debt." 15 U.S.C.

§1692e. "The false representations that are explicitly forbidden [by section 1692e] include the

false representation of the character, amount, or legal status of any debt[.]" *Homa v. GC Servs.*

*Ltd. P'ship*, No. 17-CV-1661, 2018 U.S. Dist. LEXIS 166708, at *9, 2018 WL 4636816 (E.D.N.Y.

Sep. 27, 2018) (internal citations and quotations omitted). In particular, section 1692(e)(11)

provides that conduct violating Section 1692e's general prohibition includes "[t]he failure to

disclose in the initial written communication with the consumer . . . that the debt collector is

attempting to collect a debt and that any information obtained will be used for that purpose," as

well as "the failure to disclose in subsequent communications that the communication is from a

debt collector[.]" 15 U.S.C. § 1692(e)(11). As this Court has explained elsewhere, "[s]ection 1692e

of the FDCPA . . . created a 'new private right[] and authorize[d] private plaintiffs to sue based

simply on the violation of [that] private right[],'" and thus "alleging a 'use [of] any false, deceptive,

or misleading representation or means in connection with the collection of any debt'" is itself

sufficient to "establish[] a concrete injury." *Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131,

145 (E.D.N.Y. 2016) (internal citations omitted).

The Complaint also alleges violations of section 1692g of the FDCPA. Compl. ¶¶ 34-37.

Section 1692g requires that a debt collector effectively notify consumers of the following

information in its initial communication:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the
> notice, disputes the validity of the debt, or any portion thereof, the debt will be
> assumed to be valid by the debt collector; (4) a statement that if the consumer
> notifies the debt collector in writing within the thirty-day period that the debt, or
> any portion thereof, is disputed, the debt collector will obtain verification of the
> debt or a copy of a judgment against the consumer and a copy of such verification
> or judgment will be mailed to the consumer by the debt collector; and (5) a
> statement that, upon the consumer's written request within the thirty-day period, the
> debt collector will provide the consumer with the name and address of the original
> creditor, if different from the current creditor.

15 U.S.C. §1692g(a). A debt collector violates Section 1692g when "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017).

The Second Circuit has adopted the "least sophisticated consumer standard" to determine liability under both §1692g and §1692e of the FDCPA. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (holding that when determining whether a debt collector has violated the notice requirements under §1692g, the court considers how the "least sophisticated consumer" would interpret the notice); *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) ("[I]n considering whether a collection notice violates Section 1692e, we apply the 'least sophisticated consumer' standard."). In applying this standard, "we ask how the least sophisticated consumer— 'one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Pursuant to this standard, "a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817

F.3d at 75 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Under the objective, least sophisticated consumer standard, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; [rather,] it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (quoting *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008)).

In addition, "the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 86 (internal quotation marks and citations omitted). Its purpose is to protect "unsuspecting consumers from unscrupulous debt collectors," while "ensur[ing] that debt collectors are not held liable for 'unreasonable misinterpretations of collection notices.'" *Id.* (quoting *Clomon*, 988 F.2d at 1319).

## DISCUSSION

### A. Liability

In support of her Motion for Default Judgment, Plaintiff submits an Affirmation, a Memorandum, and a Proposed Order. *See* Attorney's Aff. in Supp. of Mot. (Kleinman Aff.), ECF No. 9-1; Pl.'s Mem. of L.; Proposed Order, ECF No. 9-3. This Court finds that together with the Complaint, Plaintiff's submissions are sufficient to establish liability under the FDCPA in the context of a Default Judgment motion.

First, Plaintiff sufficiently alleges that she herself qualifies as a "consumer" and that Defendant qualifies as a "debt collector" under the FDCPA. The FDCPA defines a "consumer" as

"any natural person obligated or allegedly obligated to pay any debt[.]" 15 U.S.C. § 1692a(3). In turn, "debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes" (15 U.S.C. § 1692a(5)), and courts in this Circuit have concluded that this definition includes overdue rent for residential premises. *See Romea v. Heiberger & Assocs.*, 163 F.3d 111, 115 (2d Cir. 1998) (reasoning that "the duty to pay back rent . . . fall[s] under the plain language of the FDCPA's definition of 'debt[]'"). Taking as true Plaintiff's well-pleaded claims that she is "a natural person" who is alleged by Defendant to owe "past due rent" to the estate of Plaintiff's residential landlord (Compl. ¶¶ 12, 17–18; Ex. A), this Court finds that Plaintiff qualifies as a "consumer" under the terms of the FDCPA.

Similarly, Plaintiff's contention that Defendant "is a 'debt collector' as defined by 15 U.S.C. § 1692a(6)" (Compl. ¶ 16) is determined by this Court to be correct. The FDCPA defines a "debt collector" to be "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In applying this section, courts in this Circuit have noted that "[t]he FDCPA establishes two alternative predicates for 'debt collector' status[,] [namely,] engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004) (internal citations omitted). With respect to the second of these predicates, the Supreme Court has held that the FDCPA's definition encompasses "attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation[.]" *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (internal quotation marks omitted).

12

Nonetheless, courts in this Circuit have clarified that "the question of whether a lawyer or law firm 'regularly' engages in debt collection activity within the meaning of section 1692a(6) of the FDCPA must be assessed on a case-by-case basis in light of factors bearing on the issue of regularity[,]" including "the absolute number of debt collection communications issued [and] . . . the frequency of such communications" (*Goldstein*, 374 F.3d at 62-63), and have even dismissed FDCPA actions for failure to state a claim where plaintiffs failed to allege facts demonstrating the regularity of an alleged debt collector's collecting activities. *See, e.g., Rutty v. Melvin R. Krimko*, 789 Fed. Appx. 916, 917-918 (2d Cir. 2020). In the instant case, Plaintiff alleges that Defendant "regularly attempts to collect 'debt' as that term is defined by 15 U.S.C. § 1692a(5)" through "the mailing of debt collection letters" (Compl. ¶ 15), and further alleges that the Debt Collection Letter is "materially consistent with dozens, if not hundreds of other debt collection letters sent by Defendant to consumers who allegedly owed back rent[.]" *See* Compl. ¶ 23. That Plaintiff presents at least one example to this effect by making reference to *Yuzefpolsky v. Drobenare*, 1:14-CV-05115 (E.D.N.Y., 2014) is sufficient to support her allegations as not "simply parroting the language of the [statute]" at the pleading stage.[1] *Williams v. Goldman & Steinberg, Inc.*, No. 03-CV-2132, 2006 U.S. Dist. LEXIS 102120, *24 (E.D.N.Y., May 12, 2006) *adopted by* 2006 U.S. Dist. LEXIS 50222, 2006 WL 2053715 (E.D.N.Y., July 21, 2006). Taking these factual allegations

---

[1]    This Court takes judicial notice that the Complaint in *Yuzefpolsky v. Drobenare*, 1:14-CV-05115 (E.D.N.Y., 2014) contains a similar 5-day notice allegedly sent by Defendant Drobenare. The Defendant responded to the complaint in Yuzefpolski and denied the allegations, and the case ultimately settled without admission of liability. Here, given the Defendant's default, this Court accepts the allegation that the Defendant is a debt collector as true, along with the rest of Plaintiff's well-pleaded factual allegations in context of considering liability. However, as explained in subsequent sections, this Court is unable to accept these statements as true in considering damages as described below in this R&R. *See, e.g., House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010) (collecting cases) ("[E]ven when [a] defendant defaults and is not present to object, damages must be based on admissible evidence.").

as true, this Court finds that Defendant qualifies as a "debt collector" under the terms of the FDCPA.

Having found that the Complaint establishes that Plaintiff is a "consumer" and Defendant is a "debt collector" under the FDCPA, the Court next turns to the specific FDCPA violations alleged. Plaintiff alleges that Defendant committed three distinct violations of the FDCPA in sending the Debt Collection Letter to Plaintiff: (1) "fail[ing] to disclose that [a] debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" in violation of Section 1692e(11) (Compl. ¶ 33); (2) failing to disclose the consumer's right to dispute and demand verification of the debt and the original creditor to whom it was owed within and up to thirty days after receipt of initial notice in violation of Section 1692g(a) (Compl. ¶ 35); and (3) "demanding immediate payment" of the Debt in a manner "overshadow[ing] and . . . inconsistent with Plaintiff's right to dispute the debt and to demand verification thereof" in violation of Section 1692g(b) (Compl. ¶¶ 36-37). This Court considers Defendant's liability for each of these alleged violations in turn.

With respect to the first violation alleged by Plaintiff, Section 1692e(11) provides that "[a debt collector's] failure to disclose in [an] initial written communication with [a] consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," and "the [debt collector's] failure to disclose in subsequent communications that the communication is from a debt collector" constitutes a prohibited deceptive representation in connection with collection of a debt. 15 U.S.C. § 1692e(11). Taking as true Plaintiff's contention that Defendant sent the Debt Collection Letter to Plaintiff and that this letter constituted Defendant's initial conveyance to Plaintiff in connection with the collection of the Debt (Compl. ¶¶ 17-18, 20), this Court finds that the Debt Collection Letter is a "communication" under the FDCPA, which defines "communication" as "the conveying of information regarding a debt

14

directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Moreover, consistent with Plaintiff's allegations, the Debt Collection Letter contains neither language explicitly indicating that "the communication was from a debt collector attempting to collect a debt" nor any language implying that "any information obtained w[ould] be used for that purpose." *See* Compl. ¶¶ 21, 33; Ex. A. This Court therefore finds that Defendant's sending of the Debt Collection Letter to Plaintiff constitutes a violation of Section 1692e(11). *See Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016) ("[A]lleging a 'use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt,' 15 U.S.C. § 1692e, establishes a concrete injury.") (internal citations omitted).

With respect to the second alleged violation, Section 1692g(a) provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," debt collectors must "send the consumer a written notice containing[,]" among other things:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). This Court takes notice that, consistent with Plaintiff's contentions in the Complaint, the Debt Collection Letter contains none of these required statements of disclosure, and instead merely warns the Plaintiff "to pay said rent on or before the expiration of five (5) days from the day of the service of this Notice . . . or surrender up the possession of said premises to the Landlord[.]" *See* Compl. ¶¶ 22, 35; Ex. A. As such, this Court finds that the Debt Collection Letter could reasonably be understood by the prototypical "least sophisticated consumer" to imply

that Plaintiff is entitled to none of the rights described above relating to verification of the debt and its original owner. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2005) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Taking as true Plaintiff's contention that the Debt Collection Letter to Plaintiff was Defendant's initial communication to Plaintiff in connection with the collection of the Debt (Compl. ¶¶ 17–18, 20), as well as Plaintiff's contention that Defendant failed to "send a timely follow-up communication describing the procedure and timeline for disputing the validity of the debt" (Compl. ¶ 22), this Court therefore finds Defendant's conduct to be in violation of Section 1692g(a).[2]

## B. Damages

As Plaintiff correctly notes, Section 1692k(a) entitles an individual consumer recovering from a debt collector with respect to collection activities in violation of the FDCPA to recover statutory damages up to $1,000 along with related costs and attorney's fees. Pl.'s Mem. of L. ¶ 13; *see* 15 U.S.C. § 1692k(a)(2)-(3). In her Memorandum in Support of her Motion for Default Judgment, Plaintiff requests relief in the form of "$1,000.00 in statutory damages[,]" and seeks to

---

[2]     Plaintiff has also alleged a violation under 15 U.S.C. §1692g(b). *See* Compl. ¶ 37. To support a claim under 15 U.S.C. §1692g(b), Plaintiff must allege facts demonstrating that the language in the Debt Collection Letter overshadowed or contradicted *other language* communicating the Section 1692g(a) disclosures, in either the Debt Collection Letter itself or any subsequent validation notice. *See* 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period [during which a consumer is entitled to contest or request verification of an alleged debt] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."); *Jackson v. Immediate Credit Recovery, Inc.*, 05-CV-5697, 2006 U.S. Dist. LEXIS 85928, at *22, 2006 WL 3453180 (E.D.N.Y., Nov. 28, 2006) (observing that in order to establish that a defendant's debt collection notice was "overshadowing or contradictory" under Section 1692g, a plaintiff "must plead a contradiction between the demand language and the validation language that would mislead the least sophisticated consumer into disregarding his or her rights under the validation notice" (internal quotation marks and citations omitted)). Plaintiff does not allege nor show the existence of other language that overshowed any disclosure of the consumer's right. Yet, this Court need not reach the issue of the purported violation of 15 U.S.C. §1692g(b), as this Court has already found Defendant in violation of Section 1692g based on the initial Debt Collection Letter. *Id.*

recover costs "costs in the amount of $456.85[,]" and "attorney's fees in the amount of $4,320.00 . . . plus additional fees and costs that are incurred in the future with respect to this motion." Pl.'s Mem. of L. ¶¶ 16-17, 20.[3] For the following reasons, this Court recommends granting Plaintiff reduced amounts of statutory damages and costs than those requested. This Court also recommends denying Plaintiff's request for attorney's fees, and a grant leave to file a renewed motion for said attorney's fees no later than thirty (30) days after judgment has been entered in this case.

With respect to award of statutory damages under the FDCPA, although Section 1692k(a) does allow for "such additional damages [on top of restitution for any actual injury caused] as the court may allow, but not exceeding $1,000.00" (15 U.S.C. § 1692k(a)(2)(A)), "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the court." *Nero v. Law Office of Sam Streeter P.L.L.C.*, 655 F. Supp. 2d 200, 210 (E.D.N.Y. 2009) (citation omitted). Courts in this Circuit have noted that "[a]wards of the statutory maximum are typically granted in cases where the defendants' violations are egregious" while "a $500 award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical." *Dona v. Midland Credit Mgmt.*, No. 10-CV-0825, 2011 U.S. Dist. LEXIS 27136, *6-7, 2011 WL 941204 (E.D.N.Y. Feb. 10, 2011) (collecting cases), *adopted by* 2011 U.S. Dist. LEXIS 27093, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011). In particular, "[f]actors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, and the extent to which the debt collector's noncompliance was intentional." *Bennett v. Asset Recovery Solutions, LLC*, No. 14-CV-4433, 2017 U.S. Dist. LEXIS 2345, at *15-16 (E.D.N.Y., Jan. 5, 2017)

---

[3]      *See also* Proposed Order at 1 (asking for the same amounts, but incorrectly calculating the sum total award at "$4,776.85 plus interest"); Kleinman Aff. at 2 (same).

(internal citations omitted), *adopted by* 2017 U.S. Dist. LEXIS 13224, 2017 WL 421920 (E.D.N.Y., Jan. 31, 2017); *see* 15 U.S.C. 1692k(b)(1).

In this case, despite requesting the statutory maximum of $1,000.00 in damages, Plaintiff has not proven to this Court's satisfaction that Defendant's violations of the FDCPA are egregious, or even that they were intentional. Although Plaintiff alleges "[u]pon information and belief [that the Debt Collection Letter] is materially consistent with dozens, if not hundreds of other debt collection letters sent by Defendant to consumers who allegedly owe back rent," a plaintiff's well-pleaded factual allegations are not taken as true for the purposes of determining damages on consideration of a motion for Default Judgment in the same way as they are for the purposes of determining a defendant's liability. *See, e.g., House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010) (collecting cases) ("[E]ven when [a] defendant defaults and is not present to object, damages must be based on admissible evidence."); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding that even in the context of a defendant's default, merely accepting a plaintiff's statement of damages without further evidentiary substantiation "did not satisfy the court's obligation to ensure that the damages were appropriate"). Moreover, Plaintiff's reference to a singular claim of a similar nature in an unreported matter that settled without admission of liability some four (4) years prior to the events giving rise to the instant case, is not enough to demonstrate "frequency and persistence of [Defendant's] noncompliance." *See* Pl.'s Mem. of L. ¶ 16 (making reference to *Yuzefpolsky v. Drobenare*, 14-CV-5115 (ARR) (SMG) (E.D.N.Y. 2014)); *contrast Dowling v. Kucker Kraus & Bruh, LLP*, No. 99-CV-11958, 2005 U.S. Dist. LEXIS 11000, 2005 WL 1337442 (S.D.N.Y. June 6, 2005) (awarding $550 in statutory damages under the FDCPA where defendant "technically violated the . . . [FDCPA] dozens of times") *with Cook v. First Revenue Assur., LLC*, No. 10-CV-

5721, 2012 U.S. Dist. LEXIS 10819, 2012 WL 272894 (E.D.N.Y., Jan. 9, 2012) *adopted by* 2012 U.S. Dist. LEXIS 10815, 2012 WL 272894 (E.D.N.Y., Jan. 30, 2012) (awarding $1,000 in statutory damages under the FDCPA when defendant made multiple collection calls to plaintiff daily for nearly six months). Relying on the precedential authority in this Court, I find that Plaintiff has failed to "show a repeated pattern of violating the statute that was not technical, such that she should be awarded more than $500.00." *Goode v. Vision Fin. Corp.*, No. 14-CV-4272, 2015 U.S. Dist. LEXIS 101267, at *7, 2015 WL 4629249 (E.D.N.Y. May 7, 2015), *adopted by* 2015 U.S. Dist. LEXIS 100940, 2015 WL 4634224 (E.D.N.Y., Aug. 3, 2015). As such, this Court recommends that Plaintiff be awarded only $500.00 in statutory damages under Section 1692k(a)(2)(A).

With respect to the award of Plaintiff's related costs and attorney's fees, Section 1692k(a) allows for award of "the costs of [any successful action to enforce FDCPA liability], together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). However, "[a] party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged" (*Finkel v. Omega Commun. Servs*., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008)) and "bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." *La Barbera v. ASTC Laboratories Inc*., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010) (citing to *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)). Similarly, "a party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested" (*Bennett*, 2017 U.S. Dist. LEXIS 2345, at *21 (internal citations omitted)) and "is not entitled to recover costs for which it provides inadequate substantiation." *Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014). "Where adequate records are not submitted, the court may deny fees altogether

or reduce the award." *Weber v. I.C. Sys.*, No. 01-CV-1967, 2007 U.S. Dist. LEXIS 76573, at *3, 2007 WL 2907306, (E.D.N.Y., Mar. 19, 2007) (collecting cases), *adopted by* 2007 U.S. Dist. LEXIS 102688 (E.D.N.Y., Sept. 26, 2007). Seeing as in this case, Plaintiff provides no substantiation for her requested fees and costs other than the naked assertions of her attorney in his Memorandum and Affirmation in Support of Plaintiff's Motion (*see* Kleinman Aff. ¶¶ 8-9), this Court declines to recommend an award of costs other than those of which it is entitled to take judicial notice. Therefore, this Court recommends that Plaintiff be awarded costs in the amount of the Court's own $400.00 filing fee, but that Plaintiff's request for additional costs and attorneys' fees be denied with leave to submit a renewed motion for attorney's fees within thirty (30) days of the entry of judgment in this case. *See Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761, 2013 U.S. Dist. LEXIS 76926, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (collecting cases) (taking judicial notice of the filing fee but declining to award counsel service costs due to absence of documentation); *Douyon*, 49 F. Supp. 3d at 352 (same).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted as to her claim under sections 1692e(11) and 1692g(a) of the FDCPA. As such, this Court recommends that (1) Defendant be found liable of violating sections 1692e(11) and 1692g(a) of the FDCPA; (2) Plaintiff be awarded statutory damages in the amount of $500.00; and (3) Plaintiff be awarded costs totaling $400.00, for a total damages award of $900.00. The Court further recommends that Plaintiff's request for additional costs and attorneys' fees be denied without prejudice, with leave to submit a renewed motion for attorney's fees with supporting evidence within thirty (30) days of the entry of judgment in this case.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff is directed to serve a copy of this Report and Recommendation upon the Defendant at his last known address via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                     /s/
                                   Steven L. Tiscione
                                   United States Magistrate Judge
                                   Eastern District of New York

Dated: Brooklyn, New York
        August 19, 2020